IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------x
                                                           :
ANTHONY BASILICA, Administrator of the                     :       3:14 CV 1806 (JAM)
Estate of Robert Bergeson                                  :
                                                           :
v.                                                         :
                                                           :
PATRICK HAWES and KRISTIN COIT                             :       DATE: OCTOBER 14, 2016
                                                           :
-----------------------------------------------------------x
```

RULING ON PLAINTIFF'S MOTIONS TO COMPEL PAYMENT OF EXPERT FEES

On December 2, 2014, plaintiff Anthony Basilica, Administrator of the Estate of Robert Bergeson, commenced this lawsuit, filed under 28 U.S.C. § 1983, against Connecticut State Police Officers Patrick Hawes and Kristin Coit, in connection with the fatal shooting of Bergeson on June 13, 2013 (Dkt. #1); an Amended Complaint was filed on April 27, 2015. (Dkt. #34). Defendants' Answer and Affirmative Defenses were filed on May 8, 2015. (Dkt. #35).[1]

On May 3, 2016, plaintiff filed his Motion to Compel Payment of Experts' Fees (Dkt. #75), with respect to the expert depositions of two of his experts, Lisa R. Fournier, Ph.D., held by video-conference on February 17 and 24, 2016, and Dr. William Terrill, also held by video-conference on January 29, 2016. Defendants filed their brief in opposition and Motion to Determine Reasonable Fees the next day (Dkt. #76),[2] and plaintiff's reply brief was filed

---

[1] Defendants' Motion for Summary Judgment (Dkts. ##67-70, 80-83, 88-89, 91, 94) is presently pending before U.S. District Judge Jeffrey A. Meyer.

[2] The following seven exhibits were attached: copy of expert report of Lisa Fournier, Ph.D., dated November 29, 2015, with a bill, dated November 11, 2015 and resume (Exh. A); copy of Re-Notice of Deposition, dated December 23, 2015, for Dr. Fournier (Exh. B); copy of expert report of William Terrill, Ph.D., dated November 30, 2015, with his resume (Exh. C); copy of Re-Notice of Deposition, dated April 7, 2016, of Reginald Allard (Exh. D); copy of Allard's Invoice and Fee Agreement (Exh. E); copy of screenshots of Allard's electronic files for this case, dated April 24, 2016 (Exh. F); and copy of expert report of Allard, dated November 30, 2015, with his resume

the following day. (Dkt. #77).³ The day thereafter, May 6, 2016, U.S. District Judge Jeffrey A. Meyer referred the motion to this Magistrate Judge. (Dkt. #78).⁴

On July 20, 2016, plaintiff filed his Supplemental Motion to Compel Payment of Experts' Fees (Dkt. #90),⁵ regarding the expert deposition of plaintiff's expert, Dr. Michael Baden, taken on February 12, 2016. Defendants filed their objection and Motion to Determine Reasonable Fees six days later. (Dkt. #93).⁶ (See also Dkts. ##48, 57-58 (reducing hourly rate of defendants' expert witness, Dr. William Lewinski, from $950 to $550)).

For the reasons stated below, plaintiff's Motions to Compel Payment of Experts' Fees and defendants' Motions to Determine Reasonable Fees (Dkts. ##75, 76, 90, 93) are granted in part.

## I. DISCUSSION

Plaintiff seeks payment for his four experts as follows: (1) in the amount of $8,550 (at a hourly rate of $600, for 4.5 hours of preparation and ten hours of deposition)⁷ for Dr. Fournier; (2) in the amount of $2,600 (a $2,000 deposition flat fee for a 3.1 hour deposition,

---

(Exh. G).

³The following three exhibits were attached: another copy of Dr. Fournier's resume (Exh. A); another copy of Dr. Terrill's resume (Exh. B); and copy of Allard's email to counsel, dated May 2, 2016 (Exh. C).

⁴The case also was referred to this Magistrate Judge for settlement. (Dkts. ##40-41, 59, 79, 92).

⁵Attached as Exh. A is a copy of Dr. Baden's resume.

⁶The following three exhibits are attached: copies of excerpts from the Baden Deposition, taken on February 12, 2016 (Exh. A); copy of Dr. Baden's Fee Schedule (Exh. B); and copy of Dr. Baden's Invoice, dated July 22, 2016 (Exh. C).

⁷Plaintiff's multiplication is incorrect – 14.5 hours x $600/hour = $8,700.

plus $200 per hour for three hours of preparation time, which equates to $426.23 per hour overall)[8] for Dr. Terrill; (3) in the amount of $4,600 for Reginald Allard, who was deposed on April 28, 2016 (for ten hours at $250 per hour for document production, one hour of travel time at $100 per hour, and eight hours of deposition at $250 per hour); and (4) in the amount of $8,500 for Dr. Baden (his customary deposition fee for a full day of his time, which equates to $1,062.50 per hour overall).  (Dkt. #75, at 1-2; Dkt. #76, at 2-3, 9-12; Dkt. #77, at 2-6; Dkt. #90, at 1, 3; Dkt. #93, at 2-5, 7-9).

With respect to Dr. Fournier, defendants offered to pay $200 per hour for 4.5 hours of her preparation time and $400 per hour for ten hours of her deposition testimony, for a total of $3,900[9] (Dkt. #76, at 2); with respect to Dr. Terrill, defendants have offered to pay $200 per hour for his three hours of preparation and $200 per hour for his 3.1 hour deposition, for a total of $1,220 (Dkt. #76, at 2); with respect to Allard, defendants have offered to pay $250 per hour for five hours of preparation and $250 per hour for seven hours of deposition, plus $100 for one hour of travel time, for a total of $3,100 (Dkt. #76, at 2-3, 9-14); and with respect to Dr. Baden, defendants have offered to pay $650 per hour for his two hours of preparation time and three hours of deposition, and $325 per hour for three hours of travel, for a total of $4,225.  (Dkt. #93, at 2-3, 5, 8-9).

Plaintiff responded that defendants' position regarding Dr. Fournier is "nonsensical[,]" as she is "more qualified" than defendants' expert, Dr. William Lewinski, who previously was awarded $550 per hour for his deposition testimony in this litigation; that Dr. Terrill's request is "more than reasonable"; and that defendants do not object to Allard's hourly fee but rather

---

[8] Plaintiff's counsel erroneously calculated this to be $433.33/hour.

[9] Defendants' calculation is also incorrect, as the correct total should be $4,900 ($900 + $4,000).

to the hours expended by him in his preparation. (Dkt. #77, at 2-6).

Rule 26 provides that a "party may depose any person who has been identified as an expert whose opinions may be presented at trial." FED. R. CIV. P. 26(b)(4)(A). Rule 26(b)(4)(E)(i) mandates that "[u]nless manifest injustice would result, the court must require that the party seeking discovery: pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D) . . . ." The purpose underlying Rule 26(b)(4)(E) is "to compensate experts for their time spent participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert's work free of cost." Goldwater v. Postmaster Gen. of U.S., 136 F.R.D. 337, 339 (D. Conn. 1991)(Smith, MJ)(citations omitted). In determining what is a reasonable expert fee, courts in the Second Circuit generally consider six factors:

> (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; and (6) any other factor likely to be of assistance to the court in balancing the interest implicated by Rule 26.

Cottrell v. Bunn-O-Matic Corp., No. 12 CV 1559 (WWE), 2014 WL 1584455, at *1 (D. Conn. Apr. 21, 2014)(Fitzsimmons, MJ)(citations omitted). In addition, courts consider "(1) the fee actually being charged to the party who retained the expert; and (2) fees traditionally charged by the expert on related matters." Conte v. Newsday, Inc., No. CV 06-4859 (JFB)(ETB), 2012 WL 37545, at *2 (E.D.N.Y. Jan. 9, 2012)(citation omitted).

Applying these standards, this Magistrate Judge finds the following:

(1) For Dr. Fournier – Defendants assert that Dr. Fournier's charge was to evaluate the quality of the research of, and the researched relied upon by, defendants' expert, Dr. Lewinski. (Dkt. #76, at 9). Though defendants argue that Dr. Lewinski is a "far more

experienced and sought-after expert witness" (Dkt. #76, at 10), both Dr. Lewinski and Dr. Fournier appear to have the same level of education in that they each have attained a Ph.D. in psychology and are testifying on the same subject. (Dkt. #76, at 10). As this Court has already considered the Cottrell factors with respect to defendants' parallel expert and found $550 per hour to be the appropriate reimbursement rate (Dkt. #58), this Magistrate Judge finds that Dr. Fournier should also be reimbursed at $550 per hour for 14.5 hours of work, for a total of $7,975.

(2) For Dr. Terrill – Plaintiff requests payment of a $2,000 flat deposition fee for a 3.1 hour deposition of Dr. Terrill. Flat fees are generally discouraged in the Second Circuit, as courts "expect some reasonable relationship between the services rendered and the remuneration to which an expert is entitled." Mannarino v. U.S., 218 F.R.D. 372, 375 (E.D.N.Y. 2003)(citation omitted). "By its nature, a flat fee runs counter to this principle." Id. Accordingly, requiring defendants to pay a $2,000 flat fee for Dr. Terrill's deposition is unreasonable. As noted above, in determining a reasonable fee for an expert's time, courts may consider the fee actually being charged by the expert to the party who retained the expert. See Conte, 2012 WL 37545, at *2. Dr. Terrill provided that his rate for "analysis, consultation, and reports[]" is $200 per hour. (Dkt. #76, at 3; see also Dkt. #77, at 4). Plaintiff asserts that Dr. Terrill "clearly does not feel that his deposition testimony is worth the same amount [as his other work]." (Dkt. #77, at 4). However, as Judge Meyer observed in reviewing a similar motion brought by defendants regarding their expert witness, Dr. Lewinski, plaintiff "do[es] not explain why a higher charge should be assessed by [defendants' expert] for his deposition, and the effect of this bifurcation of billing rates is to impose a burden on an opposing party that the expert[']s sponsoring party does not have to bear." (Dkt. #58). Accordingly, this Magistrate Judge finds that Dr. Terrill should be

reimbursed at $200 an hour for 3.1 hours of deposition testimony and for his three hours of preparation, for a total $1,220.

(3) For Allard – Defendants agree to Allard's rate of $250 an hour, and there is no dispute over one hour of travel compensation at $100; thus, the only dispute is the number of hours Allard should be compensated for different types of work.  Plaintiff seeks payment for eight hours of deposition time when defendants argue there were only seven, and plaintiff seeks ten compensable hours for what is labeled "response to Schedule A," to which defendants respond that only five hours of such work should be compensable.  (Dkt. #76, at 3, 12-14; Dkt. #77, at 4-6).  On the question of deposition time, defendants point out that though the deposition started at 10:00 am and ended at 6:00 pm, "by agreement of all concerned, a one hour lunch break was interspersed from 1:00 pm to 2:00 pm." (Dkt. #76, at 12-13).  As a result, Allard was being deposed for seven, not eight, hours, and defendants assert their reasonable unwillingness "to pay the witness his requested $250 for this lunch break." (Id.).  As plaintiff makes no argument on this issue in his reply brief (Dkt. #77, at 4-6), it is unreasonable to require defendants to compensate Allard for eight hours of deposition time; accordingly, he should be compensated for seven hours at $250 per hour for his deposition.

The remaining hours on Allard's invoice are marked as "Deposition Response to Schedule A 10 hours @ 250.00 per hour." (Dkt. #76, Exh. D, at 111).  As defendants argue in their objection (Dkt. #76, at 13):

> Because Rule 26(a)(2)(B) requires the party designating the expert to produce the documents described, it does not appear that the expert should be compensated under Rule 26(b)(4)(C)(i) for collecting those documents in response to a deposition subpoena if they have not previously been provided by the party designating the expert.

Packer v. SN Serv. Corp., 243 F.R.D. 39, 43 (D. Conn. 2007)(Belt, S.M.).  Accordingly, to the

6

extent that Allard billed for time spent responding to the Schedule A production request accompanying his deposition re-notice, Allard should not be compensated.  However, as Allard did not bill any hours for preparation for the deposition, and defendants acknowledge that "undoubtedly, some of the witness's time claimed [for production] was spent on reviewing his report[]" (Dkt. #76, at 14), Allard should be compensated for five hours of preparation at $250 per hour, as offered by defendant.  (Id.).  Accordingly, Allard should be compensated for seven hours of deposition and five hours of preparation time, both at $250 per hour, plus one hour of travel time at $100 per hour, for a total of $3,100; and

(4) For Dr. Baden – Like Dr. Terrill, Dr. Baden charges a flat fee for deposition or trial work, at $4,500 for one-half day and $8,500 for one full day, and otherwise charges $850 per hour.  (Dkt. #93, at 2 & Exh. B).  Dr. Baden billed for one full day of work, which included his round trip travel from New York City to Hartford, Connecticut, at this day long flat rate for a total of $8,500.  (Dkt. #93, at 3 & Exh. C).  As discussed above, flat fees are discouraged because Courts "expect some reasonable relationship between the services rendered and the remuneration to which an expert is entitled." Mannarino, 218 F.R.D. at 375 (citations omitted).  Dr. Baden's deposition was three hours and four minutes long, and he traveled round-trip between New York City and Hartford, which is approximately four hours of travel. (Dkt. #93, at 2-3 & Exh. A).  Dr. Baden testified that during the approximately two hour trip to the deposition, he reviewed documents in preparation for his deposition.  (Id.). Dr. Baden's $8,500 fee, assuming four hours of travel and approximately three hours of deposition, results in payment of $1,214.29 per hour.  At these rates, Dr. Baden purports to charge opposing counsel for his services at an hourly rate significantly higher than that which he charges the plaintiff who retained him.  Accordingly, a $8,500 flat fee is not reasonable here.  Even if a flat fee were appropriate, Dr. Baden's deposition lasted three hours and four

minutes, and appears to more appropriately be billed as a one-half day deposition at $4,500, with an additional two hours billable for preparation. Dr. Baden should be compensated at his $850 hourly rate for three hours and four minutes of deposition, and for two hours of preparation en route to the deposition, totaling $4,306.67.

## II. CONCLUSION

Accordingly, plaintiff's Motions to Compel Payment of Experts' Fees and defendants' Motions to Determine Reasonable Fees (Dkts. ##75, 76, 90, 93) are <u>granted in part to the extent set forth above</u>, specifically that the reasonable expert fees for Dr. Fournier are found to be $7,975, for Dr. Terrill $1,220, for Allard $3,100, and for Dr. Baden $4,306.67.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 14th day of October, 2016.

/s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
U.S. Magistrate Judge

8